IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **MILDRED WICKER,**    :  | |
|     **Plaintiff**      :  | |
|                         :  | |
|        v.               :  | 5:04-CV-296 (CAR) |
|                         :  | |
| **HUDDLE HOUSE #319,**  :  | |
|     **Defendant**       :  | |

### ORDER ON PLAINTIFF'S MOTION TO AMEND

Before the Court is *pro se* Plaintiff's Motion to Amend [Doc 25] her complaint. Plaintiff Mildred Wicker has filed suit against Defendant Huddle House #319 under Title VII of the Civil Rights Act of 1994 for employment discrimination. Plaintiff seeks to amend her original Complaint [Doc 1] in order to name "Charles Bailey, Assistant District Manager" as a defendant in this case. Defendant has not responded to Plaintiff's motion. Having considered the motion and the relevant case law, Plaintiff's Motion to Amend is **GRANTED**.

### I. FACTS

Plaintiff, proceeding *pro se*, filed this action alleging that Defendant terminated her employment in violation of Title VII, claiming racial discrimination. Plaintiff named Huddle House #319 as the defendant. Defendant filed a Motion to Dismiss [Doc 19] claiming that Huddle House #319 is not a legal corporation, partnership, or unincorporated association and therefore not a proper party defendant in this Title VII action. Defendant asserted that this action should therefore be dismissed for failure to state a claim. The

Court denied [Doc 24] Defendant's motion on the grounds that the statements cited in Defendant's two-page motion were insufficient to show that Plaintiff's claim must be dismissed.[1] The Court invited Defendant to file another Motion to Dismiss with an accompanying Memorandum in Support that would better support its position. Defendant has not filed any such motion. The Court also invited Plaintiff to seek leave to amend her complaint to name a proper defendant. Plaintiff thereafter filed this one-paragraph Motion to Amend stating "the individual who discriminated against me during the period of my employment with the defendant company is Charles Bailey Asst. District Manager as stated on the complaint file with the U.S. [D]istrict Court." While it is not clear exactly what Plaintiff seeks to amend, given the Court's invitation to Plaintiff to amend her complaint to name the proper defendant and the liberal construction afforded to *pro se* plaintiffs, the Court construes Plaintiff's motion as a motion to amend her complaint to add Charles Bailey, Assistant District Manager as a defendant in this action.

## II. DISCUSSION

It is unclear whether Plaintiff seeks to name Charles Bailey, Assistant District Manager in only his official capacity, or in both his official and individual capacities. Accordingly, the Court will address both issues.

In a Title VII action, the Eleventh Circuit has stated that "[t]he relief granted under Title VII is against the employer, not the individual employees whose actions would

---

[1] Defendant filed no brief in support of its motion, and the Court pointed out that the cases Defendant cited in its motion were either distinguishable factually, or there was inadequate information in the record to use the cases as controlling precedent for the instant action.

constitute a violation of the Act. . . . [T]he proper method for a plaintiff to recover under Title VII is by suing the employer, either by naming the supervisory employees as agents of the employer or by naming the employer directly." Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991) (per curiam).  The law is clear that Title VII suits brought against a person in his individual capacity are "inappropriate." Id. at 772.  Accordingly, Plaintiff cannot bring a Title VII claim against Charles Bailey in his individual capacity.  To the extent Plaintiff seeks to amend her Complaint to add Charles Bailey as a defendant in his individual capacity, such motion is denied.

However, a supervising employee/agent of the employer *is* a proper defendant in a Title VII action.  A Title VII suit brought against an employee as an agent of the employer is regarded as a suit against the employer itself. Id.  This Court assumes, without deciding, that Charles Bailey, as an assistant district manager, is a supervising employee/agent of the employer and is therefore a proper party defendant in this action. See Prescott v. Indep. Life and Accident Ins. Co., 878 F. Supp. 1545, 1552 (M.D. Ala. 1995) (finding that a district manager is an employer/agent under Title VII).  Therefore, Plaintiff may name Charles Bailey in his official capacity as an assistant district manager as a defendant in this case.

### III.  CONCLUSION

The Court construes Plaintiff's motion as amending Plaintiff's complaint to add Charles Bailey, Assistant District Manager, in his official capacity, as a defendant in this action.  Accordingly, Plaintiff's Motion to Amend is **GRANTED**.

**SO ORDERED** this 30th day of September, 2005.

<span style="margin-left:3em">S/ C. Ashley Royal</span>
**C. ASHLEY ROYAL**
**UNITED STATES DISTRICT JUDGE**

SSH/aeg